Filed 6/5/23 P. v. Coronado CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B322761 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. MA080616-01 |
| v. | |
| MERARY JOSEFINA CORONADO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert G. Chu, Judge. Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

We review this appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436. We affirm.

On June 30, 2022, the People filed an amended information against appellant. Count 1 charged driving under the influence of an alcoholic beverage causing injury (Veh. Code, § 23153, subd. (a)). Count 2 charged driving with a .08 percent blood alcohol content causing injury (Veh. Code, § 23153, subd. (b)). As to both counts it was alleged appellant personally inflicted great bodily injury upon Shauri H. within the meaning of Penal Code section 12022.7, subdivision (a). It was further alleged as to both counts that the offenses involved great violence, great bodily harm, threat of great bodily harm, and other acts disclosing a high degree of cruelty, viciousness, and callousness, within the meaning of California Rules of Court, rule 4.421(a)(1); appellant engaged in violent conduct that indicated a serious danger to society (*id.*, (b)(1)); and appellant suffered prior convictions as an adult that are of increasing seriousness (*id.*, (b)(2)).

On June 30, 2022, the trial court bifurcated the aggravating factors from the two counts. On July 8, 2022, the jury found appellant guilty on both counts and found both great bodily injury allegations true. That same day, appellant waived her right to a jury trial on the aggravating factors and admitted an aggravating factor pursuant to California Rules of Court, rule 4.421(b)(2). The People dismissed the remaining allegations.

On July 25, 2022, the court sentenced appellant to a total term of five years in state prison. This sentence included a midterm sentence of two years on count 1 plus three years for the great bodily injury enhancement. The court imposed the same sentence on count 2 and stayed the sentence pursuant to Penal Code section 654. Appellant filed a timely notice of appeal.

We appointed counsel to represent appellant. After examining the record, counsel filed an opening brief raising no issues and asking this court to review the record independently, citing *People v. Wende*. On March 14, 2023, we advised appellant, pursuant to *People v. Wende,* that she had 30 days within which to personally submit any contentions or issues she wished us to consider. Appellant did not file a supplemental brief.

The evidence at trial established that on the evening of November 3, 2020, appellant placed several calls to the Kern County Sheriff's Department. In response to the first call, five deputies responded to an apartment complex in Rosamond at around 11:30 p.m. Appellant was standing on a staircase outside the apartment building when the deputies arrived. Her speech was severely slurred. One of the deputies overheard appellant say she was going to wait in her car for a family member to pick her up. He heard another deputy tell her that if she drove the car, she would be arrested. The deputies left the scene as a group as no crime had occurred.

A short time later appellant called 911 and said she was going to the Rosamond sheriff's station with video evidence of a battery that had occurred. The station was unmanned so deputies were dispatched to the location. When they arrived, no one could locate appellant. The deputies tried to call her without success, so they decided to return to the apartment complex to find her. She was not there. The third call from appellant asked for a welfare check, so deputies returned again to the apartment complex, but appellant was not there. Now it was about 1:10 a.m.

About one hour earlier, CHP officers had responded to a traffic collision on Sierra Highway about 15 minutes from the apartment complex. Shauri H. was driving her Toyota Yaris when she was hit by a vehicle driven by appellant. Rescue personnel cut the car door to extricate Shauri H. from the car. Both drivers were taken to Antelope Valley Hospital and were interviewed by crash investigators. Appellant said she saw no other cars on the highway and only felt the impact of her car colliding with another car. She stated she had one Truly Hard Seltzer at 6 p.m. that evening. She said, "it wasn't like she was drunk." However, in the hospital, the interviewing officer could smell the odor of alcohol on her breath as she was talking, observed her eyes were red and watery, and heard her slurred speech. He conducted a series of field sobriety tests which indicated to him that her blood alcohol content was higher than .08 percent. Blood drawn at the hospital at 2:33 a.m. showed a blood alcohol level of .10 percent.

Shauri H. said she saw a car with headlights coming in her direction. She saw the car pull onto the shoulder and then return to the highway. Next thing she knew she was trapped in her crushed car.

The physical evidence at the scene, the damage to both vehicles, the tire tracks, and both drivers' statements caused the investigators to believe appellant's unsafe turning movement and impairment by alcohol caused the collision.

Shauri H. suffered a broken wrist, broken ankle, punctured lung, and broken rib. She could not work at her job as a pharmacy technician for three months due to her injuries.

We have examined the entire record before us and are satisfied appellate counsel has fully complied with their

responsibilities and no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende, supra,* 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

GRIMES, J.

WILEY, J.

5